## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Gregory J. Smith,**

      **Plaintiff,**

**v().**                                                      **Case No. 08-2021-JWL**

**State of Kansas, Department of**
**Social and Rehabilitative Services; and**
**Gregory Valentine,**

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed suit against defendants asserting various claims concerning his employment relationship with Osawatomie State Hospital. In his first amended complaint, plaintiff asserts three claims against defendant State of Kansas–a 42 U.S.C. § 1983 First Amendment claim; an age discrimination claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; and a retaliation claim under the ADEA. The remaining claims in plaintiff's first amended complaint are asserted against Gregory Valentine. This matter is presently before the court on defendant State of Kansas's motion to dismiss plaintiff's first amended complaint (doc. 14). As will be explained, the motion is granted.

*First Amendment Claim*

      The State of Kansas moves to dismiss plaintiff's section 1983 First Amendment claim on

the grounds that the State is not a "person" for purposes of section 1983.[1] The court agrees. Indeed, Supreme Court precedent establishes that the State of Kansas is not a "person" within the meaning of section 1983. See *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) (section 1983 does not authorize suits against states) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989))); *Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003) (district court properly concluded that the State defendant could not be held liable under section 1983 because under *Will v. Michigan Dep't. of State Police* a state is not a "person" for purposes of section 1983; district court properly dismissed claim against State).

In response, plaintiff urges that he is entitled to pursue his claim because he seeks only prospective injunctive relief against the State pursuant to the *Ex parte Young* doctrine. Plaintiff's argument is not persuasive. While the doctrine permits suits against state officials in certain circumstances, *see Will*, 491 U.S. at 71 n.10 (a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because "official-capacity

---

[1]In relevant part, 42 U.S.C. § 1983 states:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added).

2

actions for prospective relief are not treated as actions against the State."), *Ex parte Young* does not permit suits against the State itself. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Plaintiff's section 1983 claim against the State of Kansas is dismissed.

*ADEA Claims*

Plaintiff has also asserted discrimination and retaliation claims against defendant State of Kansas under the ADEA. Defendant moves to dismiss these claims on the grounds that it is immune from these claims by virtue of the Eleventh Amendment. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Eleventh Amendment immunity applies to any action brought against a state in federal court, including suits initiated by a state's own citizens. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages. *Id.* (citing *Federal Mar. Comm'n v. South Carolina State Ports Auth.*, 535 U.S.743, 765-66 (2002)).

The Supreme Court has recognized three exceptions to a state's sovereign immunity. *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1285-86 (10th Cir. 1999). First, a party may sue a state in federal court notwithstanding the Eleventh Amendment if the state consents to suit. *Id.* at 1286. Second, a party may sue a state if Congress has abrogated the state's sovereign immunity

in a clear and unequivocal manner pursuant to a valid exercise of its power. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). Finally, under *Ex parte Young*, 209 U.S. 123 (1908), a party may sue individual state officers in federal court in their official capacity for prospective injunctive relief. *See Hill*, 478 F.3d at 1255-56.

Only the first exception–a state's consent to suit–is potentially applicable here. With respect to the second exception, the Supreme Court has held that the ADEA did not validly abrogate States' Eleventh Amendment immunity. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000). With respect to the third exception, plaintiff has asserted his ADEA claims against the State itself rather than individual state officers. To proceed with his ADEA claims against the State, then, plaintiff must demonstrate that the State has consented to suit. Toward that end, plaintiff contends that defendant has consented to suit by voluntarily invoking federal court jurisdiction. *See Steadfast Ins. Co.*, 507 F.3d at 1252-53 ("In most cases, waiver of sovereign immunity occurs either when a state voluntarily invokes the jurisdiction of a federal court, or when a state makes a 'clear declaration' that it intends to submit itself to a federal court's jurisdiction."). According to plaintiff, the State of Kansas, acting through the Kansas Human Rights Commission (KHRC), affirmatively initiated plaintiff's ADEA claims by filing plaintiff's KHRC complaint with the EEOC and, thereafter, the State of Kansas actively participated in the EEOC proceeding.

The record does support plaintiff's characterization of the administrative proceedings in this case. While plaintiff's administrative charge is not before the court, plaintiff has submitted a letter from the KHRC in which the agency advises plaintiff that it has made a No Probable

4

Cause determination and that it is closing plaintiff's case. The letter further states:

> As your charge was filed under Title VII of the Civil Rights Act and/or the Age discrimination in Employment Act, which is/are enforced by the Equal Employment Opportunity Commission (EEOC) you have the right to request EEOC review of this action. To secure a review, you must request it in writing, within fifteen (15) days of your receipt of this letter . . . .

The record reflects that plaintiff did seek review from the EEOC by filing a written request as instructed. Plaintiff's contention, then, that the KHRC initiated proceedings with the EEOC is unavailing. Moreover, the State's participation in the proceedings before the EEOC is not a voluntary invocation of federal court jurisdiction. *See Sullivan v. University of Texas Health Science Center*, 2007 WL 519744, at *2 (5th Cir. Feb. 13, 2007) (rejecting same argument because it "fails to distinguish between the EEOC and a federal district court"); *McGinty v. New York*, 251 F.3d 84, 93-94 (2d Cir. 2001) (concluding that failure to raise Eleventh Amendment immunity as a defense during EEOC proceedings and participation in those proceedings did not result in waiver in subsequent federal court action under the ADEA).

Because plaintiff has not shown that defendant has waived its Eleventh Amendment immunity, plaintiff's ADEA claims are barred.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant State of Kansas's motion to dismiss (doc. 14) is granted.

**IT IS SO ORDERED.**

5

Dated this 29th day of August, 2008, at Kansas City, Kansas.

                                           s/ John W. Lungstrum
                                           John W. Lungstrum
                                           United States District Judge